UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIE TYLER, CDCR # K19763,<br><br>          Plaintiff,<br><br>v.<br><br>L.A. VEGA, C-12 Counselor; C YARD CAPTAIN, Correctional Captain; and MENTAL HEALTH STAFF, Correctional Staff,<br><br>         Defendants. | Case No.: 3:23-CV-451 JLS (JLB)<br><br>**ORDER SCREENING AND DISMISSING WITHOUT PREJUDICE AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**<br><br>(ECF No. 8) |

  Plaintiff Claudie Tyler ("Plaintiff" or "Tyler"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on March 9, 2023. *See* ECF No. 1 ("Compl."). After his Motion to Proceed *in Forma Pauperis* ("IFP") was denied, Tyler paid the civil filing fee and the Court screened his Complaint. *See* ECF Nos. 2–3, 5. In its May 24, 2023 Order, the Court dismissed the Complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). *See* ECF No. 7. Tyler was given forty-five (45) days in which to file an Amended Complaint, which he did on June 5, 2023. *See* ECF No. 8 ("Am. Compl.").

/ / /

/ / /

**SCREENING PURSUANT TO 28 U.S.C. § 1915A**

## I. Legal Standard

As with his original Complaint, because Plaintiff is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity," the Court must conduct an initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (stating that § 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'"). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, [is] malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

"Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States,

and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## II.  Plaintiff's Factual Allegations

Tyler alleges that on April 17, 2022, his cellmate "exposed himself while [he] was sitting in [his] bed and began to masturbate repeatedly." Am. Compl. at 3.  He claims he was "placed in an unwanted sexual situation" and was subjected to "sexual assault, sexual misconduct, sexual exposure of genitals, and psychological trauma," and that Defendants violated his Eighth Amendment rights by doing nothing to protect him. *Id.*  Tyler also claims that on October 19, 2022, the grievance he submitted regarding the incident was granted and he was awarded $200,000 to be placed in his prison account and a single cell assignment, but he has received neither. *Id.* at 7.

## III.  Discussion

### A.  Defendants Vega and C Yard Captain

As the Court explained in its May 24, 2023 Order, a prison official violates the Eighth Amendment only when two requirements are met.  "First, the deprivation alleged must be, objectively 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind"—that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03).  To establish deliberate indifference, a plaintiff must show a prison official was "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,'" and that the prison officer actually drew that inference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).

Tyler still has not plausibly alleged his cellmate's actions posed a serious risk to his health or safety. *Farmer*, 511 U.S. at 834.  Although his cellmate's behavior was unpleasant, Tyler does not claim his cellmate touched him, threatened him, or demanded sexual favors. *See generally* Am. Compl.  Even had Tyler plausibly alleged a serious risk to his health or safety, however, to state an Eighth Amendment claim, a plaintiff must

allege facts plausibly showing the defendant was aware of that serious risk. *See Dayan v. Bowser*, No. 2:19-cv-02088-SB, 2020 WL 5912343, at *2 (D. Ore. Oct. 5, 2020) (stating that, "[i]f Defendants were not aware of the risk to [a plaintiff] posed by [a] cellmate, they could not have disregarded the risk"). Tyler has not plausibly alleged Defendants Vega or C-Yard Captain knew of a serious risk to Tyler's health or safety and ignored it. He does not allege he told Vega or C-Yard Captain that his cellmate posed a risk to him before his cellmate engaged in sexual activity in front of Tyler, or that Vega or C-Yard Captain independently knew Tyler's cellmate would perform a sexual act in front of Tyler. And while a prisoner who faces a substantial risk of serious harm need not wait until he actually suffers an attack before asserting a deliberate indifference or threat-to-safety claim, *see Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition."), Tyler has not alleged any facts which plausibly suggest he is in danger of future harm.

Moreover, in order to state a § 1983 claim, a plaintiff must show each defendant "[performed] an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Tyler's only allegations against Vega and C-Yard Captain are that he told them about his cellmate's behavior and "no action was taken against inmate Smith." Am. Compl. at 3. He does not say what Vega and C-Yard Captain did or failed to do in response to his complaint about his cellmate's actions that violated Tyler's constitutional rights. *Iqbal*, 556 U.S. at 676–77. Further, Tyler himself alleges he filed a grievance regarding the incident that was granted. Am. Compl. at 7. Accordingly, Tyler has failed to state a claim pursuant to § 1983 against Defendants L.A. Vega and C Yard Captain.[1]

/ / /

---

[1] Tyler also alleges that Defendants acted with negligence. Am. Compl. at 2–3. Mere negligence, however, is not sufficient to state an Eighth Amendment claim. *Farmer*, 511 U.S. at 835.

### B.     *Defendant Mental Health Staff*

Tyler also does not state a plausible § 1983 claim against Defendant Mental Health Staff.  Section 1983 requires a plaintiff to allege how "each Government-official defendant, through the official's own individual actions," violated the plaintiff's constitutional rights.  *Iqbal*, 556 U.S. at 676–77.  Allegations "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)).  Tyler's Amended Complaint contains no specific allegations against any member of RJD's mental health staff.  He simply states that mental health staff as a whole violated his Eighth Amendment rights without alleging any facts as to how, when, or why any such failures caused him injury.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  Such conclusory allegations are not sufficient to state a § 1983 claim.  *See Iqbal*, 556 U.S. at 678 (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983 claim).

### CONCLUSION AND ORDER

Based on the foregoing, the Court:

(1)     sua sponte **DISMISSES WITHOUT PREJUDICE** Plaintiff's Amended Complaint (ECF No. 8) as to all Defendants for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1); and

(2)     **GRANTS** Plaintiff <u>forty-five (45) days' leave</u> from the date of this Order in which to file a second amended complaint correcting all the deficiencies of pleading identified by the Court in this Order.  Plaintiff is advised his second amended complaint must be complete in itself without reference to his original Complaint or Amended Complaint.  Defendants not named and any claims not realleged in the second amended complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend

that are not realleged in an amended pleading may be "considered waived"). Plaintiff's second amended complaint must: (i) be entitled "Second Amended Complaint," (ii) contain S.D. Cal. Civil Case No. 22-CV-451 JLS (JLB) in its caption, (iii) and comply both with Federal Rule of Civil Procedure 8 and Civil Local Rule 8.2.a.  ***If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action.***  See Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

In order to assist Plaintiff in complying with these requirements, the Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983, for his use.

**IT IS SO ORDERED.**

Dated:  August 4, 2023

*[signature]*
Hon. Janis L. Sammartino
United States District Judge